IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 02-154 |
| ) | See Civil Action No. 07-436 |
| OFER RAHAMIN, ) | |
| ) | |
| Defendant/petitioner. ) | |

MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court is Petitioner's pro se Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. No. 133). After review of the Motion, the Government's Response (Doc. No. 142), and the Petitioner's Reply (Doc. No. 146), the Court denies Petitioner's motion.

I. **Background**

On April 16, 2003, Petitioner was found guilty by a jury of one count of conspiracy to distribute and possess with the intent to distribute ecstacy, in violation of Title 21, United States Code, Section 846, and a second count of possession with intent to distribute ecstacy, in violation of Title 21, United States Code, Section 841(b)(1)(C). Petitioner was originally sentenced to 262 months; however, after Petitioner took a direct appeal, the Third Circuit remanded the matter for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v.

1

Rahamin, 168 Fed.Appx. 512 (3d Cir. 2006). On June 29, 2006, Petitioner was resentenced to 200 months. Petitioner waived his right to a direct appeal of his new sentence. See Doc. No. 128.

On April 2, 2007, Petitioner, acting pro se, filed the present motion. The Court will address the claims raised in this motion below.

II.     **Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

28 U.S.C. § 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, the record in this

case demonstrates that Petitioner is not entitled to relief under Section 2255, and therefore, no evidentiary hearing is necessary.

### A. Standard for Evaluating Claims of Ineffective Assistance of Counsel

In his motion, Petitioner alleges that his trial counsel rendered ineffective assistance with regard to: (1) an alleged conflict of interest; (2) various actions and omissions during trial; and (3) a failure to object to alleged prosecutorial misconduct.[1] For the reasons that follow, this Court rejects Petitioner's contentions.

A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996)

---

[1] Petitioner recasts most of the issues he raised on direct appeal as claims of ineffective assistance of counsel. See United States v. Rahamin, 168 Fed.Appx. 512 (3d Cir. 2006). Otherwise, he would not be permitted to relitigate issues that were addressed on direct appeal except under limited circumstances that are not asserted here. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979). On direct appeal, the Government conceded that Petitioner's claims of ineffective assistance were premature, yet it now argues that some of Petitioner's claims should not be relitigated. See Doc. No. 142 at pp. 27-30. The Court will address each claim of ineffective assistance in turn.

3

(citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 ( citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).[2]

### B. Conflict of Interest

In his motion, Petitioner argues that his trial attorney had a conflict of interest because of his relationship with Yuri

---

[2] A defendant need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993). Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

4

Pylnev, a witness for the prosecution, and that this conflict caused him to render ineffective assistance.

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 349. Petitioner bears the burden of showing that Levenson and Pylnev had entered into an attorney-client relationship. At trial, Levenson explained his contacts with Pylnev, which consisted of preliminary discussions about representing Pylnev during his criminal trial. [3] Trial Transcript ("TT") 4/14/03 at 51-54. Pylnev had retained counsel from Cleveland and New York; he was looking to hire a Pittsburgh attorney to act as trial counsel. He eventually entered a plea of guilty. Petitioner stated that he had no objection to Levenson's cross-examination of Pylnev. Id. Furthermore, assuming, in arguendo, that an attorney-client relationship existed, Petitioner cannot show that there was an actual conflict of interest that adversely affected Levenson's performance. To the contrary, Levenson's cross-examination appears to have been quite thorough. For example, Levenson established that Pylnev had lied to a government agent and received a plea deal promising limited sentencing exposure in exchange for his testimony. TT 4/14/03 at 105-15. In addition, Levenson got Pylnev to admit that he engaged

---

[3] See United States v. Pylnev, 02-cr-38 (W.D.Pa.).

5

in drug trafficking and robbery and that he abused drugs and lived off his drug profits. TT 4/14/03 at 120-42. The record is without evidence that Levenson's performance was compromised by his brief contacts with Pylnev. Petitioner cannot "demonstrate that some plausible alternative defense strategy or tactic might have been pursued." United States v. Morelli, 169 F.3d 798, 810 (3d Cir. 1999) (citations omitted). Therefore, in the absence of "an actual conflict with an adverse effect," id., Petitioner's claim of ineffective assistance due to a conflict of interest is without merit.

### C. **Counsel's Conduct During Trial**

Petitioner next argues that his counsel was ineffective when he failed to: (1) request a continuance once the superseding indictment was filed; (2) allow Petitioner to continue to testify at the close of his case; (3) object to audio and video evidence; (4) file a Rule 29 motion for judgment of acquittal and a Rule 33 motion for a new trial; (5) object to evidence about Petitioner's drug use; (6) object to Agent Pritts's testimony which (a) led to usurpation of the jury's role by a layperson's testimony; and (b) allowed for improper testimony concerning materials that were not entered into evidence; and (7) object to erroneous jury instructions.

What evidence should be introduced and whether and how to conduct cross-examination of a witness are trial strategies over which counsel generally has decision-making authority. See Virgin

Islands v. Weatherwax, 77 F.3d 1425, 1433 (3d Cir. 1996); United States v. Rodriquez, 68 Fed. Appx. 237, 243 (2d Cir. 2003) ("[D]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature' and generally will not support an ineffective assistance claim.") (quoting Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002)). This Court must be deferential to counsel's tactical decisions, must not employ hindsight, and must give counsel the benefit of a strong presumption of reasonableness. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). As the Third Circuit Court of Appeals held in Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000), "ineffectiveness will not be found based on a tactical decision which had a reasonable basis designed to serve the defendant's interests." Id. at 190. Moreover, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." Yarborough v. Gentry, 540 U.S. 1, 8 (2003); Jacobs v. Horn, 395 F.3d 92, 118 (3d Cir. 2005).

### 1. Request for Continuance

On November 18, 2002, Petitioner was arraigned on a one-count indictment charging him with conspiracy to possess ecstacy with intent to distribute, in violation of 18 U.S.C. § 846. Doc. No. 1. His trial attorney, Stanton Levenson, entered his appearance on February 21, 2003, and appeared with Petitioner at his pre-trial

conference on February 26, 2003. Doc. Nos. 39 and 42. At the conference, Petitioner, through his new trial counsel, sought and was granted a continuance, and the trial was postponed until April 3, 2003. Doc. No. 43. On March 26, 2003, a superseding indictment was filed. Doc. No. 56. Petitioner was charged at Count I of conspiracy to possess with intent to distribute ecstacy, in violation of 21 U.S.C. § 846, and at Count II of possession with intent to distribute ecstacy, in violation of 21 U.S.C. § 841(b)(1)(C). The superseding indictment alleged that the conspiracy began on or about January 2001 and continued until on or about February 5, 2002. Doc. No. 56. After his arraignment was set for April 2, 2003, Petitioner moved to continue the arraignment until April 7, 2003, which was granted. Doc. No. 59. At Petitioner's arraignment, his trial counsel represented that Petitioner "was ready to go to trial." United States v. Rahamin, 168 Fed.Appx. 512, 516 (3d Cir. 2006). The trial began that same day, and Petitioner was found guilty on April 16, 2003.

Petitioner alleges that because the superseding indictment expanded the scope of the conspiracy and added a possession count, his trial counsel should have requested a continuance. Petitioner's argument relies on the fact that trial counsel sought a continuance at the pretrial conference and on the subsequent filing of the superseding indictment. But Petitioner does not say specifically why more time was needed. Even assuming, in arguendo, that this

8

failure was deficient, Petitioner cannot demonstrate how he was prejudiced. Without more, this claim is meritless.

### 2. **Petitioner's Testimony**

After Levenson concluded his examination of Petitioner, Petitioner attempted to continue to address the jury even though there was no question before him. This the Court did not allow, and Levenson represented that he had no more questions. Clearly, Petitioner possessed a constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44, 51 (1987). However, on direct appeal, the Third Circuit held that, under the circumstances, Petitioner was not denied his constitutional right to testify. United States v. Rahamin, 168 Fed.Appx. 512, 519 (3d Cir. 2006). Now, in this collateral proceeding, Petitioner does not identify the specific nature of his proposed testimony or how its absence from the record was prejudicial to his defense. See Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006); see also United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) (dismissing allegations too vague to warrant further investigation). Without more, this Court declines to second-guess the decision of Petitioner's counsel.

### 3. **Admission of Audio and Video Evidence**

Petitioner alleges that his defense was prejudiced by the admission of audio and video recordings made by Jeremy Krouse, a Government informant, to which his attorney made no objection. The recordings captured conversations between co-conspirators. On

9

direct appeal, the Third Circuit found that there was no plain error in the admission of this evidence. See United States v. Rahamin, 168 Fed.Appx. 512, 517-19 (3d Cir. 2006) (citing United States v. Adams, 252 F.3d 276, 284-85 (3d Cir. 2001)). The Third Circuit concluded that it was no error to admit the recordings and did not proceed through to the other prongs of the plain error analysis. Rahamin, 168 Fed.Appx. at 518-19. Therefore, the failure of Petitioner's counsel to object to admissible evidence did not prejudice Petitioner's defense.

### 4. Rule 29 Motion for Judgment of Acquittal and Rule 33 Motion for a New Trial

Petitioner's counsel did not move for acquittal or a new trial.[4] Petitioner's arguments rest on the "false testimony" of Agent Pritts. Rahamin, 168 Fed.Appx. at 521. Agent Pritts incorrectly testified about the date of phone calls between Petitioner and Pylnev.[5] The Third Circuit characterized the error

---

[4] Attacks on the sufficiency of the evidence are entitled to "particularly deferential" review. United States v. Cochran, 286 F.3d 173, 175 (3d Cir. 2002). During such review, the Third Circuit views the evidence in a light most favorable to the government and sustains the jury's verdict if any rational juror could have found all of the elements of the crime beyond a reasonable doubt. Id.
Rule 33 motions are to be evaluated using a different approach. "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002).

[5] The date was also incorrectly set forth in a communications chart that was entered into evidence. Rahamin, 168 Fed.Appx. at 521.

10

as "significant" because the agent emphasized that the calls involving Petitioner were made on the same date as the calls between the others that set up the drug deal. Applying the test set forth in Larrison v. United States, 24 F.2d 82 (7th Cir. 1928), the Third Circuit concluded that Petitioner failed to show that without the false testimony, the jury might have reached a different conclusion for two reasons. First, "there was overwhelming evidence in the record of Rahamin's guilt." Rahamin, 168 Fed.Appx. at 521. Second, the telephone records, if presented accurately, still showed Petitioner's continual contact with Pylnev just prior to the drug deal. Id. This renders irrelevant the question of whether his counsel knew of the false testimony at the time of trial and failed to object. A failure to file a motion for acquittal is not prejudicial where the evidence is sufficient to support a conviction. See Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds) (harmless error not prejudicial); United States v. Haddock, 12 F.3d 950, 958 (10th Cir. 1993) (Strickland prejudice standard more demanding than harmless error standard). Therefore, the failure of Petitioner's counsel to move for acquittal or a new trial was not prejudicial under the Strickland standard.

### 5. **Evidence about Petitioner's Drug Use**

Levenson did not object to the admission of evidence about Petitioner's drug use. On direct appeal, the Third Circuit found

that there was no plain error in the admission of this evidence. Rahamin, 168 Fed.Appx. at 519-20; see also United States v. Adams, 252 F.3d 276, 284-85 (3d Cir. 2001). In this proceeding, Petitioner does nothing more than restate his disagreement with the Third Circuit's conclusion. Therefore, Petitioner has not shown that the failure of Petitioner's counsel to object to testimony concerning his drug use was deficient or prejudiced his defense. See Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds) (harmless error not prejudicial); United States v. Haddock, 12 F.3d 950, 958 (10th Cir. 1993) (prejudice standard more demanding than harmless error standard).

### 6. Agent Pritts's Testimony

Petitioner argues that Levenson was ineffective when he failed to object to Agent Pritts's testimony that usurped the jury's role and his testimony concerning materials that were not entered into evidence.[6] These arguments are without merit.

Petitioner raised this issue on direct appeal, during which he argued that Agent Pritts usurped the jury function by attributing meaning to phone calls and that he testified about the meaning of these calls based on evidence not in the record. On direct appeal, the Third Circuit concluded that there was no plain error in the admission of this evidence. Rahamin, 168 Fed.Appx. at

---

[6] The claim based on the "false testimony" of Agent Pritts is addressed above at Section III.c.4.

12

521-22. In the absence of plain error, Petitioner's "substantial rights" were unaffected. See United States v. Olano, 507 U.S. 725, 734 (1993)(for substantial rights to be affected, an "error must have been prejudicial: It must have affected the outcome of the district court proceedings"). Therefore, Petitioner has not shown that the failure of Petitioner's counsel to object to Agent Pritts's testimony prejudiced his defense.

### 7. **Erroneous Jury Instructions**

Petitioner argues his counsel was ineffective because he did not seek limiting instructions concerning Petitioner's drug use, Agent Pritts's communications chart, and evidence of his co-conspirators' convictions. These claims are without merit.

On direct appeal, the Third Circuit assumed that it was plain error for this Court not to issue a limiting instruction regarding the evidence of Petitioner's drug use. Rahamin, 168 Fed.Appx. at 519-20. Plain error must affect Petitioner's "substantial rights." See United States v. Olano, 507 U.S. 725, 734 (1993). "In most cases, this 'means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" Rahamin, 168 Fed.Appx. at 519 (quoting Olano, 507 U.S. at 734). The Third Circuit concluded that "given the relatively minor nature of the testimony concerning Rahamin's drug use, it is highly unlikely that it affected the jury's verdict." Id. at 520. The Third Circuit found that Petitioner failed to show

13

the prejudice necessary for plain error. Id. Likewise, this Court concludes that Petitioner cannot demonstrate prejudice on this issue under the Strickland standard.

On direct appeal, the Third Circuit also rejected, under the plain error standard, his challenge to the lack of a limited instruction concerning the communications chart. Rahamin, 168 Fed.Appx. at 523-24. As noted by the Third Circuit, "there is no indication why the charts should be considered prejudicial when [Agent Pritts's inaccurate testimony] was not so considered." Id. at 524. It follows then that Petitioner cannot demonstrate that the lack of a limiting instruction about the charts was prejudicial under the Strickland standard. See Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds) (harmless error not prejudicial); United States v. Haddock, 12 F.3d 950, 958 (10th Cir. 1993) (prejudice standard more demanding than harmless error standard).

The Third Circuit also considered and rejected Petitioner's arguments regarding the admission of evidence of the convictions of his co-conspirators, to which his trial counsel did not object. Rahamin, 168 Fed.Appx. at 524. While noting that this Court failed to conduct a Rule 403 balancing inquiry, the Third Circuit found that Petitioner failed to put forward any reason why this evidence was prejudicial. Id. Furthermore, even assuming that this Court's instruction on this issue was in error, the Third

14

Circuit found no plain error. Id. Again, it follows then that Petitioner cannot demonstrate that the lack of a limiting instruction about his co-conspirators' convictions was prejudicial under the Strickland standard. See Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds) (harmless error not prejudicial); United States v. Haddock, 12 F.3d 950, 958 (10th Cir. 1993) (prejudice standard more demanding than harmless error standard).

### D. Alleged Prosecutorial Misconduct

Petitioner alleges that his trial counsel rendered ineffective assistance when he failed to object to the Government's summation during which the prosecutor vouched for the credibility of a government witness, Agent Pritts, who had provided "false testimony" about phone records.[7] This argument is without merit.

As noted by the Third Circuit, during rebuttal summation, the prosecution argued that "Agent Pritts was unlikely to commit a crime by perjuring himself on the stand simply to put away [Petitioner]." Rahamin, 168 Fed.Appx. at 522. While the Third Circuit characterized these remarks as "not well chosen," it noted

---

[7] The Court will consider his arguments concerning the prosecutor's conduct at trial only in the context of an ineffectual assistance claim. Petitioner raised these prosecutorial misconduct issues on direct appeal, Rahamin, 168 Fed.Appx. at 522-23. Therefore, he cannot relitigate them on collateral appeal except under limited circumstances that are not asserted here. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979).

15

that the prosecution was responding to the defense's summation, which implied that Agent Pritts was lying. Id. Furthermore, the Third Circuit noted that this Court instructed the jurors that they were the sole judges of credibility of all witnesses and that the Government's witnesses were not entitled to any greater consideration. Id. Relying on a similar case, United States v. Bethancourt, 65 F.3d 1074 (3d Cir. 1995), the Third Circuit found that the prosecutor's comments did "not constitute plain error, given their limited nature, invited response, the instructions of the district court, and the overwhelming evidence of guilt." Rahamin, 168 Fed.Appx. at 522-23. Therefore, in the absence of a showing of prejudice under the plain error test, the failure of Petitioner's counsel to object to the prosecutor's comments was not prejudicial under the Strickland standard either. See Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds) (harmless error not prejudicial); United States v. Haddock, 12 F.3d 950, 958 (10th Cir. 1993) (prejudice standard more demanding than harmless error standard).

### III. Conclusion

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a

16

constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated:    April 9, 2008

ecf:      Asst. U.S. Atty. Bruce Teitelbaum

cc:       Ofer Rahamin
          #54310-054
          FCI, No. II
          Victorville II, Medium
          P.O. Box 5700
          Adelanto, CA 92301

17